CANNIZZARO, J.
Dissenting.
Li respectfully dissent from the majority opinion. Although I agree with the majority that it has been established that Ms. O’Rourke was injured on, rather than off of, the leased premises, there is another issue that has not yet been addressed. That is the issue of whether the lessor had notice of the air conditioning defect, which could render the lessor liable under La. R.S. 9:3221.[1]
In her second assignment of error, which is not discussed in the majority opinion, Josephine O’Rourke contends that the lessor is liable to her under La. R.S. 9:3221. Ms. O’Rourke claims that based on the affidavit of an employee of the lessor, the lessor knew that the condition of the air conditioning system for the leased premises was defective. The affidavit of Daniel Myers, III stated that he was an employee of the lessor and that “[a]fter the air conditioning unit at Nora’s Creole Café broke down in about early April, 2001, I was instructed by Day’s Inn [the name under which Click Operating Corporation was doing business] to look at [ Pthe air conditioning system of Nora’s Creole Café to try to determine what needed to be done to repair the air conditioning system.”
The record also contains an affidavit of Ms. O’Rourke. Her affidavit stated that she was employed by Nora’s Creole Café, that several times during the year that she worked for Nora’s Creole Café she observed a person whose name was “Danny” servicing its air conditioning system, and that “[a]fter the air conditioning unit breakdown in early April, 2001, Danny was the only person who came to look at the air conditioning system to try to determine what needed to be done to repair it.”
Based on the foregoing, I think that we should conduct a de novo review of the record to determine whether the affidavits in the record resolve the issue of whether the lessor is liable under La. R.S. 9:3221. *1215 Because the majority has not done this, I must respectfully-dissent.

. La. R.S. 9:3221 provides:
Notwithstanding the provisions of Louisiana Civil Code Article 2699, the owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.